Edward E. **SATCHFIELD**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 30241.

United States Court of Appeals, Fifth Circuit.

Nov. 17, 1970.

Edward E. Satchfield, pro se; J. Sewell Elliott, Macon, Ga., for appellant.

Ronald T. Knight, Asst. U. S. Atty., Macon, Ga., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

■ Edward E. Satchfield appeals the district court's denial of his motion to vacate judgment and sentence, pursuant to 28 U.S.C. § 2255. We reverse and remand with directions.[1]

The appellant waived counsel and pled guilty to a Dyer Act offense, a violation of 18 U.S.C. § 2312. He was sentenced on January 15, 1965 to serve an indeterminate sentence under the Youth Corrections Act, 18 U.S.C. § 5010(b).

■ The gravamen of appellant's complaint presented in his § 2255 motion is that his guilty plea was not voluntarily or understandingly entered, since he was not apprised of the consequences of his plea. He contends that inasmuch as the maximum penalty under 18 U.S.C. § 2312 cannot exceed five years, but may be increased to as much as six years under the Youth Corrections Act, his sentence should be set aside because he was not made aware before sentencing that he could be required to serve six years.

Since the transcript of appellant's arraignment disclosed that at no time during the proceedings, either before or

[1]. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

after sentencing, was appellant informed as to the maximum imposable sentence under either 18 U.S.C. § 2312 or 18 U.S.C. § 5010, the district court conducted an evidentiary hearing to determine if his plea was in fact voluntarily and understandingly made.

At that hearing the appellant testified that though his plea was voluntary, he thought that the maximum sentence he would receive was five years, since prior to the arraignment a fellow inmate "had told [him that he] could receive five years for it." Although the government offered no evidence contradicting appellant's statement, the district court denied relief on the ground that under Rule 11, F.R.Cr.P., before its amendment effective July 1, 1966, "it was not required that a colloquy be held between the District Attorney and the defendant, or between the Court and the defendant, as to what the statutes provide with respect to minimum and maximum sentences."

Prior to the 1966 amendment to Rule 11, a court could not accept a guilty plea unless it had been determined that the plea was made voluntarily, and with a full understanding of the consequences. As this Court stated in Tucker v. United States, 5th Cir. 1969, 409 F.2d 1291: "It is well settled that a plea of guilty is invalid as not being understandingly entered if the defendant does not know the maximum possible penalty for the offense. Marvel v. United States, 380 U.S. 262, 85 S.Ct. 953, 13 L.Ed.2d 960 (1965). The question, however, is not whether he learned of such penalty from the judge, in a formal proceeding, but whether he had knowledge as to such matter, whether it was from the judge, his lawyer, his bondsman, or from some other source. Kotz v. United States, 8th Cir., 353 F.2d 312 (1965); United States v. Kent, 7th Cir., 397 F.2d 446, 451 (1968)."

The record of the evidentiary hearing is devoid of any proof that Satchfield was ever informed from any source of the maximum sentence which he could receive from entry of a plea of guilty under the Youth Corrections Act. We therefore reverse the ruling below, and remand the case for the resentencing of the appellant either under § 2312, or under the Youth Corrections Act for a term not to exceed five years, with credit for time served under his § 5010 sentence. James v. United States, 5th Cir. 1968, 388 F.2d 453, Minshew v. United States, 5th Cir. 1969, 410 F.2d 396.

Reversed and remanded.