Jirayir **KAYAMAKCIOGLU, Petitioner,**

v.

**UNITED STATES of America,**
**Defendant.**

**No. 76 Civ. 910.**

United States District Court,
S. D. New York.

June 2, 1976.

Mortimer Todel, New York City, for petitioner.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for respondent.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

Familiarity with our Court record in the companion criminal case brought against petitioner is assumed. Petitioner here seeks an order vacating his judgment of conviction pursuant to 28 U.S.C. § 2255.

██ It should require no authority to support the proposition that now, more than ever before, a Court requires flexibility in sentencing persons guilty of crime, and in no case is this need greater than in the case of adolescents. Another indisputable set of principles: penal statutes, including those relating to sentencing are to be strictly construed against the sovereign, and the rule of lenity is to be applied when any ambiguity is present. Justice Frankfurter expressed the point in *Bell v. United States*, 349 U.S. 81, 83, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955):

> "When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity. And this not out of any sentimental consideration, or for want of sympathy with the purpose of Congress in proscribing evil or anti-social conduct. It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment."

With this touchstone in mind, we recite the legal difficulties of petitioner, referred for convenience, as he was in testimony given at a suppression hearing in the criminal case, as "Mr. Kay," and also discuss the construction and application of important provisions of the Youth Corrections Act.

Mr. Kay was born December 5, 1954, and on March 26, 1975 was sentenced as a youthful offender under 18 U.S.C. § 5010(b). After the issues raised on a motion to suppress his confession were resolved against him, Mr. Kay pleaded guilty on February 13, 1975 before me to a consolidated count (initially counts four and five) in a five count indictment filed April 4, 1974, which charged him with aiding and abetting an assault by use of a firearm during the commission of a bank robbery in this district, in that he furnished a pistol used by others in the commission of that crime. 18 U.S.C. §§ 2113(d) and 2.

Although Mr. Kay did not actually enter a bank, he furnished the firearm and aided and abetted, counselled and procured the commission of crime, under conditions evidencing criminal conduct of a fairly serious nature. He had no prior criminal record, and his situation presented an almost classic need for rehabilitation and treatment, and an opportunity to achieve the purposes of the Youth Corrections Act, which are considered to be primarily rehabilitative.

Accordingly, the Court initially imposed an indeterminate sentence under 18 U.S.C.

§ 5010(d). Thereafter, Mr. Kay moved for a "reduction" of sentence, which the Court granted by Memorandum Endorsement, dated September 9, 1975, which read as follows:

"Guidelines applied to the indeterminate sentence under 18 U.S.C. § 5010(b) imposed on this Youth Offender suggest that, with 'good institutional program performance and adjustment' he will serve between 20 and 27 months. The Court regards this as excessive, yet believes this youth still needs 'additional institutional treatment, specifically counseling' [quotations are from Parole Form H–7(a) dated July 16, 1974 filed herein].

Under all the circumstances, the Court believes movant is entitled to some amelioration of sentence upon his Rule 35 motion, but should not be released at this time. Sentence is reduced, and defendant resentenced as a Youthful Offender pursuant to 18 U.S.C. § 5010(d) to a term of fifteen (15) months.

So Ordered."

The effect of this resentencing was to continue petitioner in the status of a Youthful Offender, entitled to seek a certificate setting aside his conviction under 18 U.S.C. § 5021, but reducing his term of confinement to 15 months in order to evade the U.S. Parole Board Guidelines, which the Court regarded as excessive.

It is preposterous to suggest that the net effect of the indeterminate provisions of § 5010(b), taken together with the Guidelines subsequently imposed by the Executive Branch of Government, prevent this Court from sentencing a Youthful Offender as such, when his situation is too serious to justify probation under § 5010(a), but not serious enough to justify imprisonment for the full period of the guidelines, in Mr. Kay's case 20 to 27 months. The applicable Guideline is keyed primarily to the nature of the act, rather than the actor. See *United States v. Slutsky*, 514 F.2d 1222 (2d Cir. 1975). Mr. Kay would have served about the time which the average bank robber sentenced in this District serves upon an adult sentence, after allowance for good time, etc.

Subsection (d) of § 5010 is an integral part of the statutory scheme to allow the Court, in its words, to "sentence the youth offender under any other applicable penalty provision" and believes that it was not the intent of Congress in so doing to imply that such a sentence was an adult sentence. The Court has the power to treat youthful offenders as adults if the Court is of the opinion that the youth will not benefit from being treated under the Youth Corrections Act, and because of the gravity of his crime, or the extent of his prior record, ought to be sentenced as an adult. If that were the sole purpose of subsection (d) then subsection (d) would be totally superfluous, since no recourse to the optional provisions of the Youth Corrections Act are needed in order to sentence a youth as an adult. We should not construe any statute as containing an intentional superfluity.

■ Our conclusion, that the Court, acting under subsection (d) of § 5010, has power to sentence a Youthful Offender to a term of less than Guideline length, but more onerous than probation, finds support in lengthy usage in this District, and a plain reading of the statute.

In addition, a number of Judges in this District have adjudged that a defendant was a Youthful Offender, and then placed him on probation as an adult under the various options stated in 18 U.S.C. § 3651, specifically including the "split sentence." See *Cherry v. United States*, 299 F.2d 325 (9th Cir. 1962).

By report dated May 27, 1976, the United States Probation Office in this District has noted that petitioner was released from the John F. Kennedy Youth Center on March 13, 1976 and,

"Kayamakcioglu has made a satisfactory adjustment since his release, and has voluntarily reported to this office and candidly discussed many of his past problems, present needs and future goals. We believe that he has matured over the last year and a half and there is a posi-

tive prognosis for him to continue to be a productive individual."

The same report recommended that this Court, pursuant to § 5021(b) of Title 18 United States Code, set aside the Judgment of Conviction heretofore entered, and a Certificate of Vacation of Conviction is being executed simultaneously herewith.

The execution of this Certificate, in our opinion, renders moot the issues raised or sought to be raised in this § 2255 petition (76 Civ. 910) and it is accordingly dismissed without prejudice and without costs.

So Ordered.