UNITED STATES of America,

v.

Nelson CRUZ, Defendant.

No. 75 Cr. 1150.

United States District Court,
S. D. New York.

July 8, 1976.

As Amended July 15, 1976.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for U. S., Allen R. Bentley, Asst. U. S. Atty., New York City, of counsel.

Morrison, Paul, Stillman & Beiley, New York City, for defendant; Benjamin Zelermyer, New York City, of counsel.

OPINION

FRANKEL, District Judge.

Discovering that the Bureau of Prisons and the Parole Commission have decided to

"reverse" (and aggravate) the unappealed judgment of this court, the defendant moves for a reduction of his sentence. While the motion may not be the precisely apt technique for cutting the bureaucratic knot, it seems obvious that the defendant is entitled to some relief. The situation and the court's disposition are as follows.

## I.

On February 11, 1976, defendant was sentenced by this court to a term of imprisonment not to exceed two years.[1] So that he might have the benefit of rehabilitative treatment and the opportunity to have his conviction expunged, the sentence was adjudged under the Federal Youth Corrections Act, 18 U.S.C. § 5005 et seq. (1970) ("F.Y.C.A."),[2] as extended for "young adult offenders" by 18 U.S.C. § 4209.[3] The exact terms of the sentence were as follows:

"The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of TWO (2) YEARS. Defendant is sentenced as a YOUNG ADULT OFFENDER pursuant to Section 5010(b), Title 18, U.S.Code, as extended by Section 4209. It is the intention of the Court that defendant should be deemed eligible for release from custody under Section 5017(c), Title 18, U.S. Code, at any time when the Youth Division deems such release to be justified under the governing law administered by that Division."

As is evident from the minutes of the sentencing proceeding, the court intended to place a two-year maximum on defendant's confinement. If not released earlier by the Youth Division,[4] defendant, assuming good behavior, was thus scheduled for mandatory conditional release in no longer than nineteen months, see 18 U.S.C. §§ 4161, 4163, and would be unconditionally released after two years.

The Government made no suggestion that there might be a question about the propriety of the sentence thus imposed. There was no appeal. Some months later, however, defendant's prison adviser informed him that his sentence was to be something different because the Bureau of Prisons (subject, as is the United States Attorney, to the Attorney General) had determined that the sentence adjudged in February was impermissible. In the Bureau's reported view, the F.Y.C.A. forbids the imposition of any fixed term short of the indeterminate maximum six years to which that Act refers. See 18 U.S.C. § 5017(c).[5] In effect,

---

1. Defendant had pled guilty to conspiracy to violate 18 U.S.C. § 659. The maximum sentence for such an offense is a fine of $10,000 and imprisonment for 5 years.

2. Defendant was sentenced under the F.Y.C.A. because the court determined that he would "benefit from the treatment provided" thereunder. See 18 U.S.C. § 4216 (formerly 18 U.S.C. § 4209—see note 3 infra). In reaching this conclusion, the court was largely influenced by the provision in the F.Y.C.A. which provides for the expungement of the conviction if the defendant is unconditionally discharged before the expiration of the maximum sentence. See 18 U.S.C. § 5021. This opportunity is particularly important to this alien defendant (who is the husband and father-to-be of American citizens) because his conviction, if not set aside, may be grounds for his future deportation. Pursuant to 8 U.S.C. § 1251(a)(4), an alien is deportable if "convicted of two crimes involving moral turpitude * * *." Although the Second Circuit has not explicitly ruled on the question, cf. Oliver v. United States Dept. of Justice, I. & N. Serv., 517 F.2d 426, 427 n.1 (2d Cir. 1975), it seems that expungement under 18 U.S.C. § 5021(a) would erase the conviction for purposes of 8 U.S.C. § 1251(a)(4). See Morera v. United States Immigration & Nat. Serv., 462 F.2d 1030, 1032 (1st Cir. 1972).

3. Under the Parole Commission and Reorganization Act, Pub.L. No. 94–233, 90 Stat. 233 (March 15, 1976), 18 U.S.C. § 4209 was reenacted as 18 U.S.C. § 4216.

4. Under the changes effected by the Parole Commission and Reorganization Act, supra, the Board of Parole has been renamed the United States Parole Commission and all references to the Youth Division in the F.Y.C.A. are replaced by the term "Commission." See 18 U.S.C. §§ 4202, 5005.

5. The Bureau's interpretation was eventually embodied in an undated letter to the United States Attorney from an official designated "Chief Management Support." Neither defense counsel nor the court was sent a copy of this communication. A date stamp shows that the United States Attorney received the letter

under the Bureau's revision of the sentence, defendant has been consigned to a six-year indeterminate term and, accordingly, will not be considered for release until November 1977,[6] some 21 months after the sentence, notwithstanding that he is eligible for parole pursuant to 18 U.S.C. § 4205(a)[7] after serving eight months and is required to be released after serving approximately 19 months if he earns the usual "good time" credits. 18 U.S.C. §§ 4161, 4163.

The problem was not formally brought to the court's attention until May 20, 1976, when assigned counsel for the defendant filed the motion now before the court to reduce the sentence to the time thus far served.[8] The United States Attorney responded by a letter dated June 8, 1976, advising of his now-researched view that the court's sentence was indeed invalid.[9]

■ The court has concluded that the sentence imposed was valid, and that it should not be reduced. Even if the sentence were improper, however, the Government, having voiced no objection either at the time of sentencing or by way of a later writ or appeal, must treat it as valid and carry it out according to its terms. See *United States v. Olds*, 426 F.2d 562, 565 (3rd Cir. 1970). Compare *United States v. Lane*, 284 F.2d 935, 939 (9th Cir. 1960).

## II.

■ The fractionated and inconsistent handling of this case by the Department of

Justice is a matter obviously to be regretted and corrected. It is not tolerable that the Government's officer before the court should accept a judgment without question only to have other agencies, within the same Department, proceed to nullify it. The impact upon defendants and their sense of justice requires no long essay. The broader effect upon the vital appearance of justice is equally apparent. It must be hoped that cases like this will not recur.

In any event, as has been stated, the Government should not be free to accept a judgment in the courtroom, then revise it in its prisons. While the problem of suitable relief is somewhat involved (see "IV," *infra*), the court relies upon the responsible efforts of the Department of Justice to rectify this defendant's unhappy plight. ·

## III.

Moving to the merits of the sentence in question, the court has no doubt that the issue raised by the Bureau of Prisons is substantial. Nevertheless, even if the challenge were timely, the judgment would be reaffirmed.

The United States Attorney now supports the view of the Bureau of Prisons that the sentence imposed herein was improper. At the same time, he responsibly cites four reported cases in which determinate sentences of less than six years have been adjudged under the F.Y.C.A. As govern-

on May 7, 1976. Defense counsel, through defendant's efforts, managed to obtain a copy somewhat later from the Records Office of the Petersburg Reformatory, where defendant is incarcerated. The court has since been provided with copies of the letter by both government and defense counsel.

**6.** After the instant motion was filed, the Parole Commission, in a decision dated May 28, 1976, determined that defendant would not be considered for release earlier than November 1977. This determination was apparently rendered under the guidelines applicable to youthful offenders committed for an indeterminate six-year term. See 28 C.F.R. § 2.20 (1975).

**7.** 18 U.S.C. § 4205(a), a provision of the Parole Commission Reorganization Act, see *supra* note 2, requires that a prisoner serving a defi-

nite term of more than one year "shall be eligible for release on parole after serving one-third of such term * * *." Prior to March 15, 1976, 18 U.S.C. § 4202, now repealed, contained the same requirement for prisoners, other than juvenile delinquents and committed youth offenders, confined for a definite term or a term of over 180 days.

**8.** The court is advised that some informal intimation of the problem was conveyed by a telephone call from defense counsel to chambers on or about April 5, 1976.

**9.** The Assistant United States Attorney in charge of the case also offered "to address the question of what action may be taken" if the court should agree that the sentence imposed was invalid.

ment counsel further acknowledges, these cases are only a fraction of the total in which similar sentences have been imposed. In this court alone, the number is substantial, though it has not been convenient to ascertain it with precision.[10]

■ The Youth Corrections Act was "designed to make available for the discretionary use of the Federal judges a system for the sentencing and treatment of persons under the age of 22 years * * * that will promote the rehabilitation of those who in the opinion of the sentencing judge show promise of becoming useful citizens * * *." H.R.Rep.No.2979, 81st Cong., 2d Sess. 1 (1950), U.S.Code Cong.Serv.1950, p. 3983. The major objective was to broaden, not to narrow, the scope of judicial sentencing discretion by providing for individualized rehabilitative treatment for one of the few populations, the young, that may realistically be expected to benefit from it. *Id.* See also *Dorszynski v. United States*, 418 U.S. 424, 437, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). The Act was not intended to "deprive the court of any of its present functions as to sentencing * * *." Views of the Department of Justice reported in S.Rep.No.1180, 81st Cong., 1st Sess. 10–11 (1949).

■ It is hard to imagine a sentencing function more basic than the determination of the maximum period of confinement. The Government urges, however, that the Youth Corrections Act must be construed to require the sentencing judge to choose between (1) the power of setting the maximum period of restraint by sentencing a youth as an adult, and thus without the

Act's special benefits, and (2) abdicating that ultimate power and committing the youthful offender to the custody of the Attorney General without further instruction. Such a reading is not required by the text of the Act and would do violence to its benevolent purposes.

Section 5010(b), under which the defendant was sentenced, allows the court "in lieu of the penalty of imprisonment otherwise provided by law, [to] sentence the youth offender to the custody of the Attorney General for treatment and supervision * * * until discharged by the Division as provided in section 5017(c) * * *." Section 5017(c) requires the Parole Commission to release an offender sentenced under section 5010(b) "conditionally * * * on or before the expiration of four years from the date of his conviction and * * * unconditionally on or before six years from the date of his conviction." There is nothing magical about the six-year figure; it is merely the outer limit imposed upon the Parole Commission in the absence of more specific instructions from the court. Neither of the cited sections explicitly prohibits the court from committing a youth to the custody of the Attorney General for a maximum term short of six years. Inferring such a prohibition from the equivocal terms of an Act which was said to "take nothing [in the way of sentencing discretion] away from the court"[11] would pervert the legislative purpose to serve no end other than a drily harsh literalism. Insofar as the text of the F.Y.C.A. gives color to the position of the Bureau of Prisons and the Parole Commission, doubts are to be resolved in favor

10. The data provided to the court by our Chief Probation Officer reveal that "determinate sentences" imposed under either § 5010(b) or (d) of the F.Y.C.A. have typically drawn upon the split-sentence device contained in § 3651 of Title 18. The determinate period of confinement is thus usually limited to a maximum of six months, with a period of probation to follow. To be sure, the text of the F.Y.C.A. more easily allows for this type of sentence since it states that nothing in the Act "shall limit or affect the power of any court to suspend the imposition or execution of any sentence and place a youth offender on probation or be construed in any wise to amend, repeal, or affect

[18 U.S.C. § 3651]." 18 U.S.C. § 5023(a). But the principle is the same; a determinate sentence of less than six years, as provided for in otherwise applicable sections of Title 18, may be combined with a sentence under the F.Y.C.A. The Act also explicitly empowers the court to impose a determinate sentence of greater than six years, limited only by the maximum adult sentence permitted for the offense involved. 18 U.S.C. § 5010(c).

11. Hearings on S. 1114 and S. 2609 before a Subcommittee of the Senate Committee on the Judiciary, 81st Cong., 1st Sess. 69 (1949).

of lenity. See *Bell v. United States,* 349 U.S. 81, 83, 75 S.Ct. 620, 99 L.Ed. 905 (1955). The Hobson's choice the Government now finds compulsory for the court cannot be deemed to have been intended by a Congress bent upon preserving the existing sentencing powers of the court while adding a new avenue for humane treatment. See *Church of the Holy Trinity v. United States,* 143 U.S. 457, 459, 12 S.Ct. 511, 36 L.Ed. 226 (1892).

In sum, this court, like others which have confronted similar questions, see *Kayamakcioglu v. United States,* 76 Civ. 910 (S.D. N.Y. June 2, 1976); *United States v. Borawski,* 297 F.Supp. 198 (E.D.N.Y.1969); *Satchfield v. United States,* 450 F.2d 284, 285 (5th Cir. 1970); *Minshew v. United States,* 410 F.2d 396, 397 (5th Cir. 1969), concludes that a sentence imposed under 18 U.S.C. § 5010(b) may provide for a maximum term of less than six years.

### IV.

The foregoing conclusions do not justify the reduction defendant seeks. There is no reason to erase almost all of the sentence the court intended to impose; the goal is merely to see that the valid and unappealed judgment of the court is obeyed by defendant's jailers. There may be, however, some procedural thickets in the way of that simply stated just result.

The defendant is incarcerated in Virginia. The court, his attorney, and the responsible United States Attorney are in New York. The Parole Commission, which is not a party here, is located in Washington, D.C. In these circumstances, the court is of the view that it is incumbent upon the Attorney General to redress the situation caused by the diffusion and confusion of authority in the Department of Justice. The United States Attorney is instructed, therefore, to convey the court's views to the Attorney General and to report to the court and defendant's counsel within ten days whether the Bureau of Prisons and the Parole Commission will administer the judgment in accordance with its terms. Should the situation remain uncorrected or incompletely corrected, defendant's able and energetic counsel may be obliged to bring a different form of proceeding, here or in any appropriate forum, to see that the flouting of the judgment is ended.

The foregoing is to declare the rights of the parties in the premises and embodies the court's order on the pending motion.