**UNITED STATES of America, Appellee,**

v.

**Nelson CRUZ, Appellant.**

**No. 343, Docket 76–1337.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 22, 1976.

Decided Nov. 10, 1976.

Benjamin Zelermyer, New York City (Morrison, Paul, Stillman & Beiley, New York City), for appellant.

Allen R. Bentley, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty.

for the Southern District of New York, Frederick T. Davis, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before SMITH, OAKES and TIMBERS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Nelson Cruz appeals from the denial by the United States District Court for the Southern District of New York, Marvin E. Frankel, Judge, of his motion to reduce the sentence of two years' confinement that he received under the Federal Youth Corrections Act ("the Act"), 18 U.S.C. § 5005 *et seq.* We find this sentence to be illegal under the Act, vacate the sentence and remand to the district court for resentencing.

### I.

On December 23, 1975 Cruz pleaded guilty to one count of conspiring to steal goods from an interstate shipment in violation of 18 U.S.C. §§ 371, 659. Judge Frankel found Cruz to be eligible for sentencing under the Act, invoked § 5010(b) of the Act and 18 U.S.C. § 4209[1] and on February 11, 1976 sentenced Cruz to two years' confinement.[2] One of Judge Frankel's reasons for sentencing Cruz under the Act was that § 5021 of the Act permits expungement of his conviction. This possibility was considered important because Cruz is an alien and might otherwise be deported even though his wife, who was pregnant at the time of sentencing, is a United States citizen.

In early May, 1976 the Bureau of Prisons told Cruz that it considered that he had been sentenced for an indeterminate time of confinement not to exceed six years, and on May 28, 1976 the Parole Commission ("the Commission") told him that he would be considered for parole in November, 1977 because under the Commission's Parole Guidelines he had committed a "very high severity" offense and had a salient factor score of 9. 28 C.F.R. § 2.20 as amended, 41 Fed.Reg. 19326, 19330 (May 12, 1976).

On May 20, 1976 Cruz moved, pursuant to Fed.R.Crim.P. 35, to reduce his sentence under the Act. On July 8, 1976 Judge Frankel refused to reduce the sentence or otherwise resentence. D.C., 417 F.Supp. 289. We find error and remand for resentencing.

### II.

The Commission's treatment of Cruz may well be inconsistent with the purposes of the Act. "An important element of the program was that once a person was committed for treatment under the Act, the execution of sentence was to fit the person, not the crime for which he was convicted. . . . In addition to institutional treatment, the [Youth Correction] Division was empowered to order conditional release under supervision *at any time* of those committed under the Act." *Dorszynski v. United States,* 418 U.S. 424, 434, 94 S.Ct. 3042, 3048, 41 L.Ed.2d 855 (1974) (emphasis added). Less than four months after he was sentenced, the Commission determined under the fixed policy of its recently adopted guidelines that Cruz would not be considered for release until he had served 21 months. If he had been sentenced as an adult for two years and had not received any treatment, he would have been eligible for parole after eight months, 18 U.S.C. § 4205(a), and would have been released within approximately 19 months if he had earned "good time" credits. 18 U.S.C. §§ 4161, 4163.

The use in such a manner of the Parole Guidelines, which treat both youth offend-

---

1. Effective May, 1976, 18 U.S.C. § 4209 was changed to 18 U.S.C. § 4216.

2. Judge Frankel sentenced Cruz as follows:
   The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of TWO (2) YEARS. Defendant is sentenced as a YOUNG ADULT OFFENDER pursuant to Section 5010(b), Title 18, U.S. Code, as extended by Section 4209. It is the intention of the Court that defendant should be deemed eligible for release from custody under Section 5017(c), Title 18, U.S.Code, at any time when the Youth Division deems such release to be justified under the governing law administered by that Division.

ers and adult prisoners essentially in the same fashion, may well be inconsistent with the individual assessment of each person that the Act calls for. In view of our disposition of this case, however, we need not now consider the appropriate remedy for such a situation.

### III.

■■■ Judge Frankel's order denying Cruz's motion correctly notes that the Act does not explicitly prohibit a two-year sentence under § 5010(b). Considering, however, the structure of the entire Act and the legislative history and studies during the decade preceding the passage of the Act in 1950, we conclude that a district judge is given only three options under the Act: (1) probation, under § 5010(a),[3] (2) an indeterminate period of confinement with a maximum of six years, under §§ 5010(b) and 5017(c)[4], and (3) an indeterminate period of confinement with a maximum equal to the period authorized by law for the offense, under §§ 5010(c) and 5017(d).[5] *Dorszynski, supra,* 433, 94 S.Ct. 3042. While a district judge can choose between the latter two options when deciding upon confinement, "the actual duration of the treatment peri-

od is determined by the Youth Correction authorities." *Dorszynski,* concurring opinion, *supra,* 445 n.1, 94 S.Ct. at 3054. This does not contemplate the setting by the court of a fixed maximum not provided for by the Act.

The emphasis in structuring the Act was on treatment of youthful offenders under the watchful eye of an informed professional body which would tailor the length of sentence actually to be served to fit the needs of the individual. Any provision for fixing a maximum term by the court is conspicuously absent save in the single instance contemplated by §§ 5010(c) and 5017(d), in which the court is to provide for the contingency that a serious offender may not be able to derive maximum benefit from the treatment in less than six years.

This provision for extending the maximum in the limited class of cases provided for, with no provision for decreasing the maximum allowed the Commission for treatment in any case under the Act, is a strong indication that the Congress did not intend to authorize the option adopted by the district court here.

It may be that the Act as administered has not met the hopes and expectations of its sponsors,[6] and that revision is called for,

---

**3.** Section 5010(a) reads:

If the court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youth offender on probation.

**4.** Section 5010(b) reads:

If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Division as provided in section 5017(c) of this chapter . . .
Section 5017(c) reads:

A youth offender committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction.

**5.** Section 5010(c) reads:

If the court shall find that the youth offender may not be able to derive maximum benefit from treatment by the Division prior to the expiration of six years from the date of conviction it may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter for any further period that may be authorized by law for the offense or offenses of which he stands convicted or until discharged by the Division as provided in section 5017(d) of this chapter.
Section 5017(d) reads:

A youth offender committed under section 5010(c) of this chapter shall be released conditionally under supervision not later than two years before the expiration of the term imposed by the court. He may be discharged unconditionally at the expiration of not less than one year from the date of his conditional release. He shall be discharged unconditionally on or before the expiration of the maximum sentence imposed, computed uninterruptedly from the date of conviction.

**6.** As noted above, the Commission's apparent application of mechanical guidelines to youth-

but that is for the Congress. We reluctantly conclude that the sentence entered here was not authorized by the Act as written. Judge Frankel's initial sentence was, therefore, illegal under the Act. We vacate Cruz's sentence and remand to the district court for resentencing.

Vacated and remanded.

---

ful offenders in this and similar cases seems quite probably inconsistent with the theory and purpose of the Act. *United States v. Torun,* 537 F.2d 661, 664 (2d Cir. 1976).