UNITED STATES of America, Appellant,

v.

Richard A. JACKSON, a/k/a "John Harris," Defendant-Appellee.

No. 692, Docket 76-1496.

United States Court of Appeals, Second Circuit.

Argued Jan. 21, 1977.

Decided March 2, 1977.

Allen R. Bentley, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., Ira H. Block, Frederick T. Davis, Asst. U. S. Attys., New York City, on the brief), for appellant.

Sheila Ginsberg, New York City (William J. Gallagher, The Legal Aid Society, Federal Defender Services Unit, New York City, on the brief), for defendant-appellee.

Before LUMBARD and FEINBERG, Circuit Judges, and MISHLER, District Judge.*

FEINBERG, Circuit Judge:

In June 1976, Richard A. Jackson pleaded guilty in the United States District Court for the Southern District of New York, before Charles L. Brieant, Jr., J., to one count of bank robbery, 18 U.S.C. §§ 2 and 2113(a). At the sentencing proceeding the following month, Judge Brieant found that Jackson was eligible for, and would benefit from, treatment as a youth offender under the Federal Youth Corrections Act (the Act), 18 U.S.C. §§ 5005 et seq.: Jackson was 21 years old; he was conscientiously combatting his problem of drug addiction at a drug rehabilitation facility; and he had cooperated with the government in providing details on his and his co-defendant's participation in the bank robbery. The judge then sentenced Jackson to one year's incarceration as a youth offender under § 5010(d) of the Act. The government moved for resentencing, pursuant to Fed.R. Crim.P. 35, arguing that a sentence of a fixed term under § 5010(d) is not a youth offender sentence under the Act. The district court denied the government's motion, and the government now appeals or, in the alternative, seeks a writ of mandamus directing resentencing.

---

* Of the Eastern District of New York, sitting by designation.

## I

■ Jackson's preliminary claim that we should dismiss for lack of appellate jurisdiction requires only brief discussion. He argues that direct governmental appeal does not lie because 18 U.S.C. § 3731 does not explicitly permit appeal from the denial of a Rule 35 motion. See *United States v. Jenkins*, 420 U.S. 358, 363, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975). We need not, however, reach that issue. The government has challenged the district judge's power to impose the sentence that he did, and such an issue of judicial power has long been recognized as falling squarely within the narrow range of cases for which mandamus is appropriate. See *Ex parte United States*, 242 U.S. 27, 39–40, 37 S.Ct. 72, 61 L.Ed. 129 (1916); *United States v. United States District Court, Central District of California*, 509 F.2d 1352 (9th Cir.), cert. denied sub nom. *Rosselli v. United States*, 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975). We therefore conclude that we should exercise our discretionary jurisdiction over the government's petition for a writ of mandamus.

## II

■ On the merits, we are faced for the second time in less than a year with the issue whether a district judge may set a fixed maximum of less than six years for a youth offender's sentence. In *United States v. Cruz*, 544 F.2d 1162 (2d Cir. 1976), this court vacated a district court's sentence under 18 U.S.C. § 5010(b)[1] that provided for a maximum term of two years. The court reasoned that § 5010(b) and its companion provision, § 5017(c),[2] only allow the

judge to impose an indeterminate period of confinement with a maximum term of six years; they do not allow a maximum term of less than six years. Here, the district judge attempted to impose a maximum of one year under the Act, but used a different provision, § 5010(d), on the theory that this section bestows broad sentencing discretion under the Act, including the option of imposing a maximum of less than six years.[3] We disagree.

In considering the question of maximum sentences under the Act, the *Cruz* court examined not only §§ 5010(b) and 5017(c), but also the Act's entire structure. It concluded that

> a district judge is given only three options under the Act: (1) probation, under § 5010(a), (2) an indeterminate period of confinement with a maximum of six years, under §§ 5010(b) and 5017(c), and (3) an indeterminate period of confinement with a maximum equal to the period authorized by law for the offense, under §§ 5010(c) and 5017(d). . . .

> The emphasis in structuring the Act was on treatment of youthful offenders under the watchful eye of an informed professional body which would tailor the length of sentence actually to be served to fit the needs of the individual. Any provision for fixing a maximum term by the court is conspicuously absent save in the single instance contemplated by §§ 5010(c) and 5017(d), in which the court is to provide for the contingency that a serious offender may not be able to derive maximum benefit from the treatment in less than six years.

1. Section 5010(b) reads:

    (b) If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Division as provided in section 5017(c) of this chapter . . . . .

2. Section 5017(c) reads:

    (c) A youth committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction.

3. Section 5010(d) reads:

    (d) If the court shall find that the youth offender will not derive benefit from treatment under subsection (b) or (c), then the court may sentence the youth offender under any other applicable penalty provision.

*Cruz*, supra, 544 F.2d at 1164 (footnotes omitted). In short, the Act leaves the length of the sentence (within the statutory maximum terms) of youth offenders to the discretion of the Parole Commission, not the district court. Section 5010(d) does not affect this conclusion. That section provides for the sentencing of a defendant as an adult subject to the general penalty provisions outside of the Act, see *Dorszynski v. United States*, 418 U.S. 424, 441–42, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). And as *Cruz* implicitly holds, it does not give the judge discretion to enlarge upon the three sentencing options provided by §§ 5010(a), (b), and (c).[4]

Jackson urges that a broad reading of § 5010(d) is necessary to correct the current policy of the Parole Commission. Indeed, at the heart of both this case and *Cruz* is the impact that the Commission's Parole Release Guidelines, 28 C.F.R. § 2.20 (1976), have on youth offender sentences. These Guidelines establish initial parole eligibility by giving substantial weight to the severity of the crime committed. In this case, for instance, if Jackson were given an indeterminate sentence under § 5010(b), the probation officer estimated that, because of the crime he committed, he would not be eligible for parole under the Guidelines until he served 36 to 45 months in prison. Yet, as Judge Brieant noted, if Jackson had been over 26, he would have given him a maximum adult sentence significantly shorter than 36 to 45 months. Thus the Parole Guidelines may have the anomalous effect of prolonging Jackson's prison term because the court determined that he would benefit from treatment as a youth offender.

We join with the *Cruz* court's criticism of the Parole Guidelines as they are applied, apparently mechanically, to youth offenders. *Cruz,* supra, 544 F.2d at 1164–65 n.6. Such application of the Guidelines is not only inconsistent with the purposes of the Act, but may also undermine the justification for the Act's indeterminate sentencing provisions. See *United States v. Torun*, 537 F.2d 661, 664 (2d Cir. 1976). But we also agree that the remedy for the inequities created by the interaction between the Guidelines and the Act rests either in administrative reform or Congressional action. See *Cruz,* supra, at 1164–65; cf. *Allegaert v. Perot*, 548 F.2d 432, 438 n.14 (2d Cir. 1977). We accordingly grant the writ of mandamus and direct that the district court vacate Jackson's sentence and resentence him.[5]

Petition for writ of mandamus granted.

---

**4.** The *Cruz* court was clearly aware of the contention that § 5010(d) authorized the imposition of a maximum term of less than six years. Judge Brieant had already written an opinion expressing that view, *Kayamakcioglu v. United States*, 418 F.Supp. 356 (S.D.N.Y.1976), and the government's brief in *Cruz* directly addressed the issue.

**5.** On resentencing, the district judge will still have various options open; e. g., sentencing Jackson as an adult under § 5010(d), or sentencing him as a youth offender and imposing probation under § 5010(a) if the judge determines that such a sentence is now justified in view of Jackson's incarceration since July 29, 1976.