**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Alan Neal SCOTT, Defendant-Appellant.**

**No. 79–3921**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Sept. 10, 1980.

James H. Hard, IV, Birmingham, Ala., (Court-appointed), for defendant-appellant.

Bill L. Barnett, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before CHARLES CLARK, VANCE and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Alan Neal Scott filed this petition for a writ of habeas corpus seeking to vacate the sentence imposed upon him after he pled guilty. Scott contended that his guilty plea was involuntary because the district court incorrectly informed him of the maximum possible sentence. The district judge adopted the magistrate's recommendation and denied the habeas corpus petition. We reverse and remand for further proceedings.

On September 13, 1974, Scott entered a plea of guilty to one count of mail fraud. 18 U.S.C. § 1341. Prior to accepting the plea, the trial judge, in accordance with Rule 11, questioned Scott to determine whether he understood the nature and consequences of the plea.[1] During this questioning, the judge asked Scott if the prosecutor had promised to recommend a particular sentence in return for the guilty plea. Scott responded that he did not know. The prosecutor then explained that, although he had made no promises, he and Scott's attor-

---

1. At the time of Scott's guilty plea, Rule 11 of the Fed.Rules of Crim.Pro. provided:

   "A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea."

ney had discussed the possibility of a preliminary commitment for observation and study pursuant to the Youth Corrections Act, 18 U.S.C. § 5010(e).[2] The district judge then informed Scott that the penalty for mail fraud was five years or one thousand dollars or both. After hearing the evidence against Scott, the district court accepted the guilty plea and committed Scott pursuant to § 5010(e) for observation and study to determine whether he would derive benefit from treatment under the Youth Corrections Act, 18 U.S.C. § 5010(b). Under § 5017(c), "[a] youth offender committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction." This court has held that a defendant tendering a guilty plea must be aware that the maximum sentence under the Youth Corrections Act is six years. *Satchfield v. United States*, 450 F.2d 284 (5th Cir. 1970).

After the completion of the observation and study, the district court sentenced Scott under § 5010(b), suspended the sentence, and put Scott on probation for five years. The court informed Scott that if he violated the terms of his probation, he could be subject to a sentence of up to six years. Scott subsequently violated his probation and the district court imposed an indeterminate sentence as provided by § 5017(c), which *Satchfield, supra,* has interpreted as providing a maximum sentence of six years.

■■■■ Scott filed this petition for a writ of habeas corpus, contending that his guilty plea was involuntary because he was not informed at the time of his plea that the maximum possible sentence under the Youth Corrections Act was six years. The magistrate's recommendation, which the district court accepted, was that the petition be denied because the petitioner showed no prejudice resulting from the

technical violation of Rule 11. The court properly relied on *Keel v. United States*, 585 F.2d 110 (5th Cir. 1978) (en banc), and *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1975), which set out the requirements for a collateral attack on a guilty plea for failure to comport with the requirements of Rule 11. The petitioner "must show prejudice in order to qualify for § 2255 relief." *Keel*, 585 F.2d at 113. Habeas corpus relief is available only to protect against "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *Timmreck*, 441 U.S. at 783, 99 S.Ct. at 2087 (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417).

■■■ After the district court entered its order, Scott filed his "Objection and Exception to Magistrate's Report and Recommendations," in which he alleged that he would not have tendered a guilty plea had the district court advised him of the potential six-year sentence under the Youth Corrections Act. This allegation distinguishes Scott's pleadings, albeit slightly, from those in *Timmreck,* where the petitioner never alleged that if he had been properly advised by the trial court he would not have pled guilty. 441 U.S. at 784, 99 S.Ct. at 2087. A conviction on a guilty plea tendered solely as a result of faulty advice is a miscarriage of justice. Scott's pleadings sufficiently allege prejudice, which, if proved, would afford a basis for collateral relief. It was therefore error to dismiss the petition.

We reverse the district court's order and remand the case for a hearing so that Scott may have the opportunity to attempt to establish that he would not have pled guilty but for the district court's failure to instruct him of the maximum possible sentence under the Youth Corrections Act.

REVERSED AND REMANDED.

---

2. 18 U.S.C. § 5010(e) provides in pertinent part:
   If the court desires additional information as to whether a youth offender will derive benefit from treatment under subsections (b) or

(c) it may order that he be committed to the custody of the Attorney General for observation and study at an appropriate classification center or agency.