**Jesus Enrique NORIEGA–ARJONA, Petitioner-Appellant,**

v.

**U. S. BUREAU OF PRISONS, etc., Respondent-Appellee.**

No. 72–1668.

United States Court of Appeals, Ninth Circuit.

July 14, 1972.

Rehearing Denied Sept. 13, 1972.

Jesus Enrique Noriega-Arjona, in pro. per.

Joseph L. Ward, U. S. Atty., Daniel E. Ahlstrom, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before HAMLEY, BROWNING and CHOY, Circuit Judges.

PER CURIAM:

Jesus Enrique Noriega-Arjona, a federal prisoner, appeals a district court order denying his petition for post-sentencing relief pursuant to 28 U.S.C. § 2255. Noriega-Arjona argues that he is eligible for parole or for resentencing under the provisions of the Comprehensive Drug Abuse, Prevention and Control Act of 1970, Public Law 91–513. We disagree and affirm the district court's order.

Noriega-Arjona was convicted on February 4, 1970 under a five-count indict-

ment of illegal importation and sale of cocaine in violation of 21 U.S.C. § 174 and 26 U.S.C. § 4705(a). On March 5, 1970 he was sentenced to five years in prison without possibility of parole on each of the five counts, the sentences to run concurrently. Five years' imprisonment without the possibility of parole was then the mandatory minimum sentence prescribed by 26 U.S.C. § 7237(b) and (d).

On October 27, 1970 Congress passed the Comprehensive Drug Act, which repealed the statutory provisions denying parole and imposing a minimum five-year sentence under which Noriega-Arjona was sentenced. However, the Act's effective date was May 1, 1971. And although the Act's sentencing provisions are available to narcotics offenders who are sentenced after May 1, 1971, prisoners who were sentenced prior to the effective repeal of §§ 174 and 7237 are still ineligible for a suspended sentence and probation or for parole. Compare United States v. Fithian, 452 F.2d 505 (9th Cir. 1971) and United States v. Stephens, 449 F.2d 103 (9th Cir. 1971), in which the prisoners were sentenced after May 1, 1971, with United States v. Pregerson, 448 F.2d 404 (9th Cir. 1971), in which the prisoner was sentenced before May 1.

Affirmed.