**UNITED STATES of America, Appellee,**

v.

**Rocco Salvatore LUPINO, Appellant.**

**Nos. 74–1339 and 74–1340.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 17, 1974.

Decided Nov. 5, 1974.

Certiorari Denied March 17, 1975. See 95 S.Ct. 1401.

Douglas Thomson, St. Paul, Minn., for appellant.

Joseph Walbran, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before GIBSON, Chief Circuit Judge, and LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

On October 24, 1972, the defendant Lupino was sentenced to two years on each of two counts of receiving a firearm as a convicted felon and five years on a related conspiracy charge. The district court, the Honorable Miles W. Lord presiding, directed that the sentences were to run consecutively with one another and to run consecutively with a state sentence previously imposed. We affirmed the convictions. United States v. Lupino, 480 F.2d 720 (8th Cir.), cert. denied, 414 U.S. 924, 94 S.Ct. 257, 38 L. Ed.2d 159 (1973).

Thereafter a motion to reduce the sentence was filed pursuant to Rule 35, Fed.R.Crim.P., and the district court modified the original sentence by directing that the nine-year federal sentence be served concurrently with rather than consecutively to the state sentence. The court at that time expressly stated in its written order that the sentence was to begin "from the time that state sentence was imposed." [1] The Director of the United States Bureau of Prisons accepted the court's recommendation and designated the Minnesota State Prison at Stillwater as the place of confinement.

Shortly after sentencing, the United States Attorney wrote to Judge Lord stating that his amended judgment was defective and should be corrected. Judge Lord held a hearing on April 29, 1974, and stated that he intended in the amended judgment that the "sentences . . . run concurrently with the state sentence from the date of October 24, 1972." This was the date the original federal sentence was imposed. The defendant contended that under the original sentence the federal term had commenced on April 7, 1960, and that since nine years had already passed prior to December 17, 1973, his sentence expired at the time he entered federal custody. On April 29, 1974, Judge Lord amended his order so that the federal sentences would run concurrently with the state sentence from the date of imposition of the federal sentence, to wit, October 24, 1972.

Defendant challenges the district court's power to amend the sentence under Rule 36, Fed.R.Crim.P., as it did on April 29, 1974. He concedes that the erroneous sentence would constitute a windfall; he nevertheless urges that the district court's error was not a clerical one and not subject to amendment under Rule 36. He also says that the modification has the impermissible effect of increasing a sentence after its imposition.

---

1. Lupino's state sentence for kidnapping was for a period of 2 to 80 years, and was imposed on April 7, 1960. *See* State v. Lupino, 268 Minn. 344, 129 N.W.2d 294 (1964).

He was on parole at the time of the commission of the federal crimes and on September 19, 1972, was returned to the state penitentiary as a parole violator.

It is clear from the transcript at the time of sentencing that the court intended that the federal sentence was to run from the time of the sentencing proceeding. Tit. 18 U.S.C. § 3568 states:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. . . .

The statute concludes: "No sentence shall prescribe any other method of computing the term."

This clearly demonstrates that the erroneous sentence rendered by the district court was in derogation of this act. As such it was a nullity and any illegal sentence may be corrected at any time under Rule 35, Fed.R.Crim.P. Apropos here is Mr. Justice Black's statement in Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947):

> This Court has rejected the "doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence." In re Bonner, *supra*, [151 U.S. 242] at 260, [14 S.Ct. 323, at page 327, 38 L.Ed. 149]. The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. See King v. United States, 69 App.D.C. 10, 15, 98 F.2d 291, 296. In this case the court "only set aside what it had no authority to do, and substitute[d] directions required by the law to be done upon the conviction of the offender."

*Id.* at 166–167, 67 S.Ct. at 649.

Under these circumstances we need not discuss the applicability of Rule 36 and whether the error may be deemed a clerical one.

Judgment affirmed.