**Steven Frank BURNS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 76–1890.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 18, 1977.

Decided April 11, 1977.

---

Philip M. Bowen, Omaha, Neb., for appellant.

Thomas D. Thalken, Asst. U. S. Atty., Omaha, Neb., for appellee; Daniel E. Wherry, U. S. Atty., Omaha, Neb., on brief.

Before GIBSON, Chief Judge, MATTHES, Senior Circuit Judge, and HENLEY, Circuit Judge.

MATTHES, Senior Circuit Judge.

This action was commenced by appellant pursuant to 28 U.S.C. § 2255, to vacate a sentence imposed on him following his plea of guilty to violating 18 U.S.C. § 2312, commonly referred to as the Dyer Act.

On November 6, 1974, appellant, represented by counsel, appeared in the district court for arraignment, waived prosecution by indictment and entered a plea of guilty to the Dyer Act charge. On November 22, 1974, the district court pronounced judgment on appellant as follows:

It is adjudged that the defendant is guilty as charged and convicted, and that the defendant is under the age of 26 years, to wit: 23 years, and this is a proper case for disposition under the Youth Corrections Act.

It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for treatment and supervision for a period of three years under the

provisions of Title 18, United States Code, Section 5010(c) until discharged by the Youth Corrections Division.[1]

On January 23, 1975, the court, having determined that the sentence imposed on November 22 was illegal, corrected the sentence by an appropriate order pursuant to F.R.Cr.P. 35, and committed appellant

> to the custody of the Attorney General or his authorized representative for imprisonment under the provisions of the Federal Youth Corrections Act, Title 18, United States Code, Section 5010(b).

\* \* \* \* \* \*

The court orders commitment to the custody of the Attorney General and recommends, that the defendant be released on parole within three (3) years of the date of commitment.

On September 25, 1975, appellant, acting *pro se*, filed a motion for reduction or modification of the January 23, 1975 sentence. Pursuant to an order of the district court an attorney was appointed to represent appellant. Thereupon, appellant filed a § 2255 motion seeking to set aside the January 23 sentence, or, in the alternative, resentencing for a "maximum amount of three years on commitment to the Youth Corrections facility." In accordance with a memorandum opinion filed on August 16, 1976, the district court filed an order denying the motion to vacate the sentence. This appeal is from that order.

Appellant presents two contentions in support of his appeal: first, that he did not enter his guilty plea voluntarily and with a complete understanding of the possible sentence; and secondly, that the sentence imposed on November 22, 1974, was legal and the revision thereof on January 23, 1975, was illegal in that it increased his original sentence. We consider these claims in inverse order.

## I

We hold that the sentence imposed on November 22, 1974, was illegal in that the court acted without authority in adjudging appellant to confinement for a "period of three years under the provisions of Title 18, United States Code, Section 5010(c)."

Title 18, § 5010(b) provides that if the court finds that a convicted person is a youth offender, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender for treatment and supervision until discharged by the Youth Corrections Division of the Board of Parole as provided in 18 U.S.C. § 5017(c). Section 5017(c) provides that a youth offender committed under § 5010(b) shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction, and shall be discharged unconditionally on or before six years from the date of his conviction. Section 5010(c), under which the district court attempted to proceed in pronouncing the first sentence, provides that if the court finds that the youth offender may not be able to derive the maximum benefit from treatment by the Division prior to the expiration of six years from the date of conviction, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender for a period that may be authorized by law or until discharged by the Division as provided in § 5017(d) of the Act.

We are in accord with the holding of the Second Circuit in *United States v. Cruz*, 544 F.2d 1162, 1164 (2d Cir. 1976). There, the court stated

> that a district judge is given only three options under the Act: (1) probation, under § 5010(a), (2) an indeterminate period of confinement with a maximum of six years, under §§ 5010(b) and 5017(c), and (3) an indeterminate period of confinement with a maximum equal to the peri-

---

1. The Youth Corrections Act, 18 U.S.C. § 5005 *et seq.*, is applicable to persons under the age of twenty-two at the time of conviction. Although not mentioned by the district court, it is apparent that appellant was sentenced as a Young Adult Offender pursuant to 18 U.S.C.

§ 4209. That section provides that a defendant under the age of twenty-six at the time of conviction may be sentenced pursuant to the Youth Corrections Act if the sentencing judge finds that the defendant may benefit from the treatment provided under that Act.

od authorized by law for the offense, under §§ 5010(c) and 5017(d).

(footnotes omitted).

The *Cruz* court further observed that while a district judge can choose between the latter two options when deciding upon confinement,

> "the actual duration of the treatment period is determined by the Youth Correction authorities." . . . This does not contemplate the setting by the court of a fixed maximum not provided for by the Act.

*Id.* at 1164, *citing Dorszynski v. United States*, 418 U.S. 424, 445 n.1, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974) (Marshall, J., concurring).

█ Thus it is clear that the first sentence of three years based on § 5010(c) was invalid since that section applies only when the court finds that the offender may not be able to derive maximum benefit from treatment prior to the expiration of six years from the date of conviction. *See United States v. Neal*, 527 F.2d 63, 66 (8th Cir. 1975). Having determined that the November 22 sentence was illegal, the court pursued the proper course by imposing the second sentence on January 23, whereby appellant was legally committed under § 5010(b).[2]

As a corollary to the foregoing, we reject appellant's contention that the second sentence unlawfully increased the period of incarceration imposed under the original sentence. Appellant's contention is premised upon the assumption that the first sentence was legal, a claim which we have already rejected *supra.*

█ The general rule is that where a *legal* sentence has been imposed, a federal court may not enhance a sentence of imprisonment once execution of the sentence has begun, *see, e. g., Llerena v. United States*, 508 F.2d 78, 81 (5th Cir. 1975) and cases cited therein. When the first sentence does not conform to the applicable penalty stat-ute, however, it is a nullity, and, as such, may be corrected at any time pursuant to F.R.Cr.P. 35, *see United States v. Lupino*, 505 F.2d 693 (8th Cir. 1974) (per curiam); *see also Freeman v. United States*, 350 F.2d 940, 943 (9th Cir. 1965). In such case, the district court has the duty to set aside what it had no authority to do and to correct the sentence so as to comply with the statute, even though service of the sentence originally imposed has begun and the correct sentence is regarded to be more onerous. *See Llerena v. United States, supra* at 81; *United States v. Richardson*, 498 F.2d 9 (8th Cir. 1974); *Thompson v. United States*, 495 F.2d 1304 (1st Cir. 1974).

## II

We now address appellant's contention that he did not enter his guilty plea voluntarily and "with a complete understanding of the possible sentence." The record of the proceedings in the district court refutes this argument.

On November 6, 1974, appellant was brought before the district judge for waiver of indictment and arraignment. The record reflects the following colloquy:

> Mr. Peartree: [Assistant United States Attorney] Before such waiver is made, [waiver of prosecution by indictment] however, I would like to take this opportunity to explain your right to indictment to you. The substance of the charges contained in the magistrates complaint on file against you is a one-count violation of Title 18 United States Code Section 2312 which is the interstate transportation of a stolen motor vehicle. In the event of your conviction of these charges or this charge the punishment imposed upon you would be such as the Court deems proper under the law. *The maximum penalty which the law provides in this instance is a five-year term of imprisonment or five thousand dollar fine or both or because of*

---

2. Appellant concedes in his brief filed in this Court that "the trial court is unable to set a minimum sentence under the Youth Corrections Act." The fixing of the penalty at three years in the first sentence rendered that sentence illegal. As noted *supra*, a court is not authorized to fix a definite period of confinement under § 5010(b).

*your age, that being 23, you could in the discretion of the Court be remitted to the custody of the Attorney General for a term of not more than six years under the Youth Corrections Act.* Do you understand the nature of the charge and the maximum penalty which can be imposed on you should you be convicted?

Defendant: Yes, I do.

(emphasis added).

Defendant further stated that he had previously been incarcerated for numerous auto thefts and that while in custody he had been treated for a nervous condition. The trial judge thereupon inquired of appellant's counsel:

The Court: Is there any question here, Mr. Moore, [appellant's counsel] about his mental capacity to know and understand the nature of the charge and to cooperate with his attorney in making decisions here?

Mr. Moore: I have had rather substantial communication with Mr. Burns and I am satisfied that he understands and is capable of making judgements at this time.

Appellant then waived, orally and in writing, prosecution by indictment and consented to prosecution by information. He admitted stealing the automobile which was the subject of the pending Dyer Act offense, and transporting it from Oakland, California to Omaha, Nebraska and entered a plea of guilty to the charge. The court deferred sentencing pending receipt of a presentence report.

█ Due process requires that before the court accepts a plea of guilty it is necessary that the defendant be fully advised with respect to the nature of the charge and the maximum possible penalty for the offense, *see United States v. Wolak,* 510 F.2d 164 (6th Cir. 1975), and where, as here, the defendant may possibly receive a longer sentence under the Youth Corrections Act than that prescribed by the penalty section of the criminal statute under which he stands charged, that information must be imparted to the defendant, *see Kotz v. United States,* 353 F.2d 312 (8th Cir. 1965).

█ Here, appellant was apprised both of the maximum penalty (five years imprisonment and/or five thousand dollar fine) to which he was subject under the Dyer Act and the possibility of being committed to the custody of the Attorney General for a maximum of six years under the Youth Corrections Act *prior to entering his plea of guilty.* This is not such a case as *Pilkington v. United States,* 315 F.2d 204 (4th Cir. 1963), where the district judge mentioned the possibility of confinement under the Youth Corrections Act for the first time after imposing sentence, or *Freeman v. United States, supra,* where the defendant was misinformed as to the maximum period of confinement under the Act, *see also Johnson v. United States,* 374 F.2d 966 (4th Cir. 1967).

### III

█ In summary, our consideration of the record as a whole satisfies us that appellant entered his plea of guilty voluntarily and with a full understanding of the range of sentences to which he was subject. Unfortunately, the district judge, for reasons not apparent from the record, attempted to sentence appellant for a fixed term of three years under § 5010(c) of the Youth Corrections Act. As we have seen, this rendered the sentence originally imposed invalid. The corrected sentence was not, therefore, an unlawful increase of the sentence originally imposed even though it may entail a longer period of restraint. It is well established that a defendant is not entitled to a prior commitment from the court as to its probable disposition upon sentencing, *see e. g., Combs v. United States,* 391 F.2d 1017 (9th Cir. 1968).

The judgment appealed from is affirmed.