**Jeffrey Byron TAYLOR,**
**Plaintiff-Appellant,**

v.

**Norman A. CARLSON, Etc., et al.,**
**Defendants-Appellees.**

No. 81–1320
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 22, 1982.

---

Leeper & Priddy, Laurance L. Priddy, Fort Worth, Tex., for plaintiff-appellant.

Anthony W. Vaughn, Asst. U. S. Atty., Fort Worth, Tex., for defendants-appellees.

Before CLARK, Chief Judge, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

Jeffrey Byron Taylor appeals the dismissal of his suit for damages and contends that the district court erred in holding that he failed to prove that the appellees (Bureau of Prisons officials) wrongfully imprisoned him in violation of 18 U.S.C. § 4163 by incarcerating him beyond the term of his prison sentence. We affirm.

This case centers around an unusual sentence. Intending to sentence Taylor under the Youth Corrections Act, 18 U.S.C. § 5010, the sentencing court—a different court from the one which Taylor appeals—sentenced Taylor under 18 U.S.C. § 5010(d) to a definite term of three years. Like the district court, we find the sentence problematic. The sentencing court incorrectly understood 18 U.S.C. § 5010(d) as invoking the Act. Section 5010(d) does not invoke the Act, but merely allows the sentencing court to sentence a youth offender "under any other applicable penalty provision." In effect, § 5010(d) provides for the sentencing of the youth offender as an adult. *See Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). Indeed, the Act only applies to a "committed youth offender," which 18 U.S.C. § 5006(e) defines as "one committed for treatment hereunder to the custody of the Attorney General pursuant to sections 5010(b) and 5010(c)." *E.g.*, 18 U.S.C. § 5011 (treatment of committed youth offenders); 18 U.S.C. § 5015 (placement of committed youth offender); 18 U.S.C. § 5017 (release of committed youth offender). Furthermore, under the Act a definite term of less than six years is not a legal sentence. *See* 18 U.S.C. § 5010(b), (c); *United States v. Jackson*, 550 F.2d 830 (2d Cir. 1977); *see generally Watts v. Hadden*, 651 F.2d 1354, 1356–58 (10th Cir. 1981). The appellees, after noting the unusual sentence, corresponded with the sentencing court in an attempt to inform it that the effect of the sentence imposed would not conform with the sentencing court's intent to commit Taylor under the Act.

Unsuccessful in their attempt to have Taylor resentenced, the appellees sought to comply with the sentencing court's intent to invoke the Act and to put into effect the split sentence imposed under 18 U.S.C. § 3651. The appellees applied the Bureau

of Prisons Sentence Computation Manual, section 7617.1 (Sept. 5, 1972; Jan. 29, 1974), which provides a method to calculate mandatory release dates for split sentences where probation has been revoked. The Manual provides: "In all cases, the sentence on revocation will be computed as beginning on the date initially committed to the 'split sentence,' becoming inoperative on the date of release, and resuming on the date recommitted as a probation violator." The defendant who actually computed Taylor's sentence testified without contradiction that this provision applies equally to split sentences under the Youth Corrections Act and adult split sentences.

Taylor originally received a three-year split sentence—6 months to serve and 2½ years probation. He began his initial confinement November 1, 1974, and was released on probation January 23, 1975. Taylor violated the terms of his probation in April, 1976. The sentencing judge thereupon ordered his probation revoked and that he serve the other two and a half years of his original sentence. The time Taylor was free on probation between January 23, 1975, and April 9, 1976, (442 days) is termed by the Bureau "inoperative time." His new release date was calculated according to the sentencing manual, quoted *supra*, as being three years from November 1, 1974, (his initial date of confinement) minus 76 days credited for time spent in jail prior to his original sentencing, plus 442 days for the inoperative time spent on probation. The 76-day credit and 442-day debit postponed the release date 366 days and resulted in a mandatory release date of November 1, 1978. Taylor was released from prison before that date on orders from the sentencing judge.

■ We agree with the district court's findings that those defendants who actually became involved in the case attempted to resolve the problem caused by the judge's incorrect sentence reasonably and in good faith. First, they followed Bureau of Prison guidelines by corresponding with the sentencing judge in an attempt to have the sentence corrected. After failing in the attempt to get the judge to follow a statutory scheme, the defendants followed the Bureau's Sentence Computation Manual section which governed such a situation. The defendants established their entitlement to qualified immunity based on these good faith actions. *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). The plaintiff did not rebut this defense.

The judgment of the district court is AFFIRMED.