UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard BALLESTEROS,
Defendant-Appellant.

No. 81–1773.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 7, 1982.

Decided Oct. 28, 1982.

Mario Conte, San Diego, Cal., for defendant-appellant.

Roger W. Haines, Jr., Asst. U. S. Atty., argued, Peter K. Nunez, U. S. Atty., Roger W. Haines, Jr., Asst. U. S. Atty., on the brief, San Diego, Cal., for plaintiff-appellee.

Before ELY and CHOY, Circuit Judges, and THOMPSON,* District Judge.

PER CURIAM:

On January 31, 1977, Richard Ballesteros entered a plea of guilty to violation of 21 U.S.C. § 844. As a youth offender he was sentenced to an indeterminate term of confinement under section 5017(c) of the Federal Youth Corrections Act (FYCA). 18 U.S.C. § 5005, *et seq.* This sentence carried a potential four to six-year period of confinement. Had Ballesteros been sentenced as an adult the maximum sentence he could have received would have been one year of imprisonment and a fine of $5,000. 21 U.S.C. § 844. Because his FYCA sentence is longer than the sentence an adult would receive for the same crime, Ballesteros, in a Rule 35(a) motion, challenged his sentence on two grounds. The District Court rejected the challenge, and this appeal followed.

First, Ballesteros contends that his sentence under the FYCA has been invalidated by the Federal Magistrate Act of 1979, Pub.L. No. 96–82, 18 U.S.C. § 3401 (Supp.1980), which prohibits FYCA sentences that are longer than the sentence an adult could receive for the same crime. *See* 18 U.S.C. § 3401(g). Relying on *United States v. Amidon,* 627 F.2d 1023 (9th Cir. 1980), Ballesteros argues that the prohibition of FYCA sentences which are longer than adult sentences applies retroactively to invalidate his sentence. It is not true that *Amidon* implicitly ratified the retroactive application of the prohibition of longer sentences. Amidon's sentence was not final on the effective date of the Act because it was still subject to modification under Rule 35(b) Fed.R.Cr.P. Furthermore, courts have uniformly refused to apply ameliorative sentencing legislation to individuals finally sentenced prior to the effective date of the ameliorative legislation. *Warden v.*

*Marrero,* 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974); *cf. United States v. Haas,* 576 F.2d 618 (5th Cir. 1978); *Noriega-Arjona v. U. S. Bureau of Prisons,* 464 F.2d 561 (9th Cir. 1972); *see* Comment, *Today's Law and Yesterday's Crime: Retroactive Application of Ameliorative Criminal Legislation,* 121 U.Pa.L.Rev. 120 (1972). Thus, the contention that the Magistrate Act of 1979 reduces a sentence finally imposed in 1977 is without merit.

Second, Ballesteros contends that his FYCA sentence violates the Equal Protection clause because it requires him to serve a longer sentence than adults sentenced for the same crime. Constitutional challenges such as this have been frequently raised and uniformly rejected. *Eller v. United States,* 327 F.2d 639 (9th Cir. 1964); *Carter v. United States,* 306 F.2d 283 (D.C.Cir. 1962); *Cunningham v. United States,* 256 F.2d 467 (5th Cir. 1958). The imposition of a longer sentence has been justified by the rehabilitative purpose of the FYCA. Where the longer sentence fails to serve a rehabilitative purpose, however, the sentence imposed may violate the Equal Protection clause. *United States v. Leming,* 532 F.2d 647, 650 (9th Cir. 1975) (Weigel, J., dissenting), *cert. denied,* 424 U.S. 978, 96 S.Ct. 1485, 47 L.Ed.2d 749 (1976); *United States ex rel. Sero v. Preiser,* 506 F.2d 1115 (2d Cir. 1974). Here, however, there is nothing in the record to indicate that the longer sentence would not serve a rehabilitative purpose.

AFFIRMED.

---

* The Honorable Bruce R. Thompson, United States District Judge, District of Nevada, sitting by designation.