**UNITED STATES of America, Plaintiff,**

v.

**Wallace Dale LOWERY, Defendant.**

**No. CR–R–82–52–ECR.**

United States District Court,
D. Nevada.

March 8, 1983.

Fred Daniel Gibson, Asst. U.S. Atty., Reno, Nev., for plaintiff.

N. Patrick Flanagan, III, Asst. Federal Public Defender, Reno, Nev., for defendant.

MEMORANDUM DECISION
AND ORDER

EDWARD C. REED, Jr., District Judge.

The defendant has moved, pursuant to F.R.Cr.P. 35, to reduce the sentence imposed on January 24, 1983, after his conviction of involuntary manslaughter (18 U.S.C. § 1112). The Court found that the twenty-three year old defendant, a young adult offender, would benefit from treatment as a youth offender under the Federal Youth Corrections Act (YCA), 18 U.S.C. § 5005 *et seq.* It therefore committed him to the custody of the Attorney General for treatment and supervision pursuant to 18 U.S.C. § 5010(b), until discharged by the United States Parole Commission as provided in 18 U.S.C. § 5017. Subsection (c) of the latter

statute requires conditional release of a youth offender on or before the expiration of four years from the date of conviction and unconditional discharge within six years of his conviction. In other words, actual incarceration is for an indeterminate term not to exceed four years.

An adult offender may be imprisoned for a term not to exceed three years upon conviction of involuntary manslaughter. Defendant, who is being treated as a youth offender, seeks to have his term of imprisonment limited to the same maximum of three years. Since he could be kept incarcerated for as long as four years under the sentence imposed by the Court, his motion asks for a reduction of sentence.

■ If a lawful sentence was imposed in the first instance, the function of Rule 35 is to allow the court to further reflect on whether the sentence was unduly harsh. Therefore, such a motion is directed to the court's discretion and is essentially a plea for leniency. *United States v. Maynard,* 485 F.2d 247, 248 (9th Cir.1973). However, the defendant's motion herein is based on points and authorities which argue that, in the Ninth Circuit, the sentence of incarceration imposed on a youth offender is illegal if it exceeds the maximum sentence which could be imposed on an adult convicted of the same crime. In effect, he is contending that the indeterminate YCA sentence imposed on him is illegal, because it does not specify that the incarceration may not exceed the statutory maximum that an adult could receive. The Court considers it appropriate to treat the defendant's motion as a demand for correction of an illegal sentence, under Rule 35(a), or, in the alternative, as a request for reduction of sentence, under Rule 35(b), if the sentence imposed is legal.

In essence, the issue is whether a court can, should or must limit a sentence under YCA to a shorter period of time than the up to four years indeterminate sentence provided in YCA, where the maximum sentence for an adult for the same felony crime would be shorter.

■ From early on it has been recognized that YCA authorizes a court to sentence a youth offender to the indeterminate YCA term even where the maximum term that could be imposed on an adult for the same offense would be shorter. *See, e.g., United States v. Rehfield,* 416 F.2d 273, 275 (9th Cir.1969); Partridge, Chaset and Eldridge, *The Sentencing Options of Federal District Judges,* 84 F.R.D. 175, 201 (1980); *Ralston v. Robinson,* 454 U.S. 201, n. 3 and 230, 102 S.Ct. 233, n. 3 and 250, 70 L.Ed.2d 345 (1981); *United States v. Ballesteros,* 691 F.2d 869, 870 (9th Cir.1982). Equal protection, due process and cruel and unusual punishment arguments have been rejected because a *quid pro quo* for the longer confinement is provided by the rehabilitative purpose of YCA. *Ibid.* YCA confinement is for rehabilitation by treatment, and not to punish. *Watts v. Hadden,* 651 F.2d 1354, 1376 (10th Cir.1981). The promise of such treatment and eligibility for early release justifies the imposition of the longer YCA sentence. Stevens, J. dissent, in *Ralston v. Robinson, supra* 454 U.S. at 232, 102 S.Ct. at 251.

The Second, Fifth, Eighth and Tenth Circuits have at one time or another taken the position that a court may not sentence a YCA defendant to a definite term of less than the four-year conditional release/six-year unconditional discharge maximums provided by YCA. *United States v. Jackson,* 550 F.2d 830, 831 (2nd Cir.1977); *Taylor v. Carlson,* 671 F.2d 137, 138 (5th Cir. 1982); *Burns v. United States,* 552 F.2d 828, 831 (8th Cir.1977); *Watts v. Hadden,* 651 F.2d 1354, 1372 (10th Cir.1981). The actual length of time a youth offender must spend in custody is required to be determined by the U.S. Parole Commission, not the Court. 18 U.S.C. §§ 5010(b) and 5017; *Watts v. Hadden, supra* at 1372, *Burns v. United States, supra* at 831.

*United States v. Smith,* 683 F.2d 1236, (9th Cir.1982), and the earlier Ninth Circuit case of *United States v. Amidon,* 627 F.2d 1023 (1980), have been interpreted by the defendant herein as limiting the period of confinement under YCA to the maximum term that could be imposed on an adult who has been convicted of the same offense.

The *Amidon* opinion construed 18 U.S.C. § 3401(g)(1), a part of the Federal Magistrates Act of 1979, which mandates that a magistrate may not sentence a youth offender under YCA "for a period in excess of 1 year for conviction of a misdemeanor or 6 months for conviction of a petty offense . . . ." *Amidon* involved a misdemeanor offense. § 3401(b) allows a person charged with a misdemeanor to elect to be tried by a district court judge rather than a magistrate. The Ninth Circuit could find no reason why an individual convicted of a misdemeanor and to be sentenced by a district judge under YCA should be subject to a potentially longer sentence of incarceration than that to which the same individual would be subject if sentenced by a magistrate. Since such offender might be sentenced by either a magistrate or district judge, and since the Magistrate's Act limited the sentence which a magistrate could impose to no longer than one year, it logically followed that a district judge would be limited in the maximum sentence he could impose in the same manner as a magistrate. The *Amidon* case, therefore, found its authority for the limitation of the length of a YCA sentence on a misdemeanor conviction in the Magistrate's Act and in the limitation there mandated upon the maximum length of sentence which a magistrate could impose. It is to be emphasized that *Amidon* is a misdemeanor case and therefore can be distinguished from the holdings of the Second, Fifth, Eighth and Tenth Circuits which concern felony convictions.

Subsequently, the Ninth Circuit has several times indicated that *Amidon* refers to misdemeanants being sentenced under YCA. *See United States v. Glenn,* 667 F.2d 1269, 1274 (1982); *United States v. Luckey,* 655 F.2d 203, 205–6 (1981); *United States v. Lowe,* 654 F.2d 562, 565 (1981). Secondary authorities agree; i.e., the limitations imposed by the Federal Magistrates Act apply to misdemeanors and petty offenses. Partridge, Chaset and Eldridge, *supra* at 201; 1979 U.S.Code Cong. and Ad.News 1487, 1490.

*United States v. Smith,* 683 F.2d 1236 (9th Cir.1982), was decided *en banc* on August 10, 1982. The questions presented there were whether a split sentence is lawful under YCA and, if so, whether the youth offender must be segregated from adults during confinement. 683 F.2d at 1236. Both questions were answered affirmatively. The opinion is meant to clarify the law of the Circuit as to the interrelation between YCA and the split sentence provision of the general probation statute (18 U.S.C. § 3651). *Id.* at 1237.

The *Smith* decision turned on whether subsequent amendments to the probation statute applied to the already enacted YCA. (The answer given is yes). YCA was enacted in 1950. In 1970 the probation statute, 18 U.S.C. § 3651, was amended to allow a federal court, in a proper case, to "impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation . . . ." Under YCA, such a split sentence is imposed under § 5010(b) or (c), rather than the probation provisions of § 5010(a). *Smith,* at n. 11. Youth offenders detained pursuant to § 5010(b) or (c) are committed for rehabilitative treatment, and not for punishment as adults. *Id.* at 1240. Therefore, the *Smith* Court concluded that youth offenders given a split sentence must be segregated from adults during their six months or less of confinement. *Id.* at 1241.

Like *Amidon,* which finds statutory authority in the Magistrates Act to limit YCA sentences to a shorter term than the usual indeterminate four years, *Smith* finds authorization for a split sentence for a YCA offender in the general probation statute, 18 U.S.C. § 3651. According to the *Smith* Court, it is engrafted onto YCA by the Youth Corrections Act itself, 18 U.S.C. § 5023(a). Therefore, again the Ninth Circuit finds statutory authority for what can be argued to be in essence a limitation or a qualification of the indeterminate four-year YCA maximum sentence. This is true, however, only in the sense that it might be

argued that a split sentence is a shorter sentence than the four-year YCA indeterminate sentence. If a YCA offender receiving a split sentence violates probation, however, he would still be subject to the possibility of serving up to the full term of the indeterminate YCA sentence.

Thus, in both *Amidon* and *Smith* the Ninth Circuit has found some express statutory authority to, in one way or another, limit the indeterminate YCA sentence. In the case at bar, however, there has been no like statutory authority cited for the proposition that where an individual is sentenced under YCA his sentence must be limited to a shorter period of incarceration than the four-year indeterminate YCA sentence, if an adult sentenced for the same crime would be required to be sentenced to a maximum term of less than four years.

Under the sentence imposed upon the defendant in the instant case, he is required to be kept segregated from adult offenders and to be confined, insofar as practical, in a separate facility. Defendant Lowery's sentence follows the mandate of *Smith* that YCA offenders be so segregated for incarceration. There is nothing in the record before the Court to indicate that the Bureau of Prisons will not comply with the mandate of the Youth Corrections Act insofar as the "treatment" required to be afforded to YCA offenders. Therefore, the undersigned may not decide the instant Rule 35 motion on the basis that the Bureau of Prisons and Parole Commission presumptively will violate the equal protection or due process rights of the defendant. *See United States v. Ramirez,* 556 F.2d 909, 926 (9th Cir.1977); *United States v. Van Lufkins,* 676 F.2d 1189, 1194 (8th Cir.1982). If the conditions of his confinement should turn out to be in violation of YCA, the remedy would lie in proceedings to force the authorities to obey the law. *See United States v. Jackson,* 550 F.2d 830, 832 (2nd Cir.1977); *Watts v. Hadden,* 651 F.2d 1354, 1356 (10th Cir.1981).

Setting a determinate period of maximum confinement would render nugatory the provisions of 18 U.S.C. §§ 5010(b) and 5017(c), which vest in the Parole Commission the authority to determine the length of confinement and parole (subject to the four and six-year limits specified in the latter statute).

*Amidon* settles the issue in the Ninth Circuit that so far as a misdemeanor is concerned an offender sentenced under YCA may not be sentenced to a period of incarceration of more than one year and that the indeterminate YCA sentence must be so limited by the Court. *Smith* settles the issue that a split sentence may be imposed for a felony conviction under YCA. Both limitations on incarceration are founded in statutes of the United States. No authority has been cited to support such a limitation on an indeterminate YCA sentence where the maximum period of incarceration under an adult sentence for the same crime would have to be for a period shorter than four years. It may seem incongruous at first glance, or even second glance, that an adult who commits the same crime as a youth offender would potentially serve a shorter sentence than a youth. However, adult sentences and Youth Corrections Act sentences follow different paths with different potential final results. They are imposed for different reasons. This Court could have sentenced Wallace Dale Lowery as an adult, in which event he could have been sentenced to a term of incarceration of no more than three years for the crime of involuntary manslaughter, of which he was convicted.

There is some language in dictum in *Smith* from which it might be inferred that the Ninth Circuit has decided that any YCA offender may not be sentenced to a term of incarceration longer than an adult sentenced for the same offense and that YCA sentences must be so limited. In view of the fact that four other circuits appear to have rejected this proposition and that neither the *Smith* court nor any other Ninth Circuit panel appears to have directly confronted it, we may not fairly conclude that the Ninth Circuit has placed such a limitation on YCA sentences.

The main argument for such a limitation which can be derived from *Smith* is found in a single sentence in footnote 3 and a single sentence in footnote 10. Both cite *Amidon,* which involved a misdemeanor conviction and which, as mentioned above, imposed a limitation on the maximum sentence which a district judge could impose because the Magistrates Act limits limited the maximum sentence which a magistrate can impose for a misdemeanor. These two isolated sentences in *Smith* provide no real basis to support the position which defendant urges.

The purposes of Congress in enacting the Youth Corrections Act would seem to be defeated by permitting or requiring a district judge to impose such a limitation on YCA indeterminate sentences rather than permitting the U.S. Parole Commission to determine the length of incarceration as mandated by the Act.

■ The foregoing discussion explains why the Court concludes that the indeterminate YCA sentence it already has imposed on the defendant upon his felony conviction for involuntary manslaughter is legal, so that it need not be corrected. The discussion also explains why the Court concludes it has no discretion to reduce the maximum term of confinement to three years.

IT IS, THEREFORE, HEREBY ORDERED that the defendant's Rule 35 motion to reduce or correct his sentence be, and the same hereby is, *DENIED.*