**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Lionel Gregory BELL, Defendant-Appellee.**

No. 82–1182.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 17, 1982.

Decided June 9, 1983.

Donald Ayer, U.S. Atty., Kenneth G. Peterson, Asst. U.S. Atty., Sacramento, Cal., for plaintiff-appellant.

E. Richard Walker, Sacramento, Cal., for defendant-appellee.

Before TRASK and KENNEDY, Circuit Judges, and KELLEHER,* District Judge.

PER CURIAM:

The Government appeals from an order denying its motion for correction of illegal sentence.

Lionel Bell was convicted on a two count indictment. Count I was for violating 18 U.S.C. § 371 (conspiring to defraud the United States). Count II was for violating 18 U.S.C. § 287 (making a false claim against the United States). Both crimes carry a maximum allowable sentence of five years. The district court sentenced defendant under the Youth Corrections Act, 18 U.S.C. §§ 5005–5026 (YCA). On Count I, defendant was committed to "treatment and supervision for a period of TWO (2) YEARS ... pursuant to the provisions of the Youth Corrections Act until discharged by the United States Parole Commission as provided in that Act." On the second count, defendant was placed on probation for a period of five years. The Government challenges the sentence on Count I, con-

---

* Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

tending that the court may not fix a maximum period of two years for the offense under the Youth Act. Finding merit in the Government's argument, we vacate the sentence on Count I.

The YCA provides three sentencing options to the district court: (1) probation, under § 5010(a);[1] (2) an indeterminate period of confinement with a maximum of six years, under §§ 5010(b) and 5017(c);[2] and (3) an indeterminate period of confinement of more than six years with a maximum equal to that authorized by law for the offense, under §§ 5010(c) and 5017(d).[3] Although the trial court did not specify whether it was sentencing defendant under § 5010(b) or § 5010(c), it is quite apparent that it acted under § 5010(b), since the sentence does not exceed six years.

Bell contends the sentencing options enumerated by the Act are not exclusive, and that the district court properly may impose a maximum term of less than six years. In support of his claim, Bell cites the decisions of this court in *United States v. Amidon,* 627 F.2d 1023 (9th Cir.1980), and *United*

*States v. Smith,* 683 F.2d 1236 (9th Cir.1982) (en banc).

*Amidon* and *Smith* did not consider the issue now before us. In *Amidon* we held that Congress, in enacting the Federal Magistrates Act of 1979, rejected judicial interpretations of the YCA which permitted longer confinement of youthful offenders than could be imposed upon adults committing the same offense. We therefore held that the indeterminate term of confinement permitted under § 5010(b) could not exceed the maximum term which could be imposed upon an adult. *Accord, United States v. Glenn,* 667 F.2d 1269, 1274 (9th Cir.1982).

In *Smith* we held that the general probation statute, 18 U.S.C. § 3651, which permits split sentences providing for confinement of up to six months prior to release on probation, was applicable to probationary terms imposed under § 5010(a) of the YCA.

In neither case did we approve or consider the imposition of maximum sentences for periods less than those specified in the YCA or allowable for adults charged with the same offense.[4] Those circuits

---

1. Section 5010(a) reads:
   If the court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youth offender on probation.

2. Section 5010(b) reads:
   If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Commission as provided in section 5017(c) of this chapter. . . .
   Section 5017(c) reads:
   A youth offender committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction.

3. Section 5010(c) reads:
   If the court shall find that the youth offender may not be able to derive maximum benefit from treatment by the Commission prior to

the expiration of six years from the date of conviction it may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter for any further period that may be authorized by law for the offense or offenses of which he stands convicted or until discharged by the Commission as provided in section 5017(d) of this chapter.
Section 5017(d) reads:
A youth offender committed under section 5010(c) of this chapter shall be released conditionally under supervision not later than two years before the expiration of the term imposed by the court. He may be discharged unconditionally at the expiration of not less than one year from the date of his conditional release. He shall be discharged unconditionally on or before the expiration of the maximum sentence imposed, computed uninterruptedly from the date of conviction.

4. This court disapproved of the sentences in *Smith* "to the extent that they fix an inflexible period of incarceration, instead of merely setting a maximum term to be served in accordance with *United States v. Amidon.*" 683 F.2d at 1237 n. 3. We did not at that time, however, address the issue whether the district court

which have addressed the question, however, are unanimously of the opinion that the YCA does not contemplate the imposition of maximum sentences less than those provided for in the statute. *See, e.g., United States v. Jackson,* 550 F.2d 830, 831 (2d Cir.1977); *United States v. Cruz,* 544 F.2d 1162, 1164 (2d Cir.1976); *Taylor v. Carlson,* 671 F.2d 137, 138 (5th Cir.1982); *Burns v. United States,* 552 F.2d 828, 830–31 (8th Cir.1977); *Watts v. Hadden,* 651 F.2d 1354, 1372 (10th Cir.1981). As the Second Circuit noted in *United States v. Cruz,* 544 F.2d 1162, 1164 (2d Cir.1976), the underlying predicate of the YCA is that treatment of young offenders will be accomplished best if youth corrections authorities are allowed discretion, within the limits set by Congress, to match the period of confinement with the needs of the youthful offender. While the district court has some discretion to choose between the indeterminate sentencing options set forth in §§ 5010(b) and 5010(c), the length of the sentence to be served by a youth offender, subject to any statutory maximum term of less than six years for a particular offense, may not be set by the district court but instead is in the discretion of the Parole Commission. In this holding, we are in agreement with each of the other circuits which has ruled on the point.

Bell argues with some force that the rehabilitative theory underlying the YCA has fallen into disfavor, and that the Parole Commission's implementing regulations and administration of the statute are inconsistent with its original intent. *See Jackson, supra,* 550 F.2d at 832; *Watts v. Hadden, supra.* On that basis he urges us to import to the Act provisions for reduced maximum sentences in order to give the sentencing court broader discretion. We recognized in *Smith* the important role of the district court in making appropriate sentencing decisions and noted that "the YCA strongly endorses the discretionary power of a judge to choose among available sentencing options." 683 F.2d at 1240 (quoting *Ralston v. Robinson,* 454 U.S. 201, 206, 102 S.Ct. 233, 237, 70

could impose indeterminate sentences for maximum terms less than those provided in the

L.Ed.2d 345 (1981)). We do not question the soundness of the sentence and course of treatment imposed by the district court in this case. The sentence, however, is simply not among the options available under the YCA. While the underlying predicate of the YCA and the reality of Youth Act treatment may be incongruent, we agree with the Second Circuit that any changes in the YCA must come from the Congress, not the courts. *See Jackson, supra,* 550 F.2d at 832.

The sentence imposed by the district court was beyond its authority. The judgment is reversed and the case remanded for resentencing.

REVERSED and REMANDED.

statute or allowed under *Amidon,* which is the issue we face in this case.