**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Wallace Dale LOWERY,
Defendant-Appellant.**

No. 83–1056.

United States Court of Appeals,
Ninth Circuit.

Dec. 6, 1983.

Rehearing and Rehearing En Banc
Denied March 1, 1984.

Brian Sullivan, Asst. U.S. Atty., Reno, Nev., for plaintiff-appellee.

Daniel Markoff, Federal Public Defender, Reno, Nev., for defendant-appellant.

Before TUTTLE,* WALLACE, and PREGERSON, Circuit Judges.

WALLACE, Circuit Judge:

Lowery appeals the district court's denial of his rule 35 motion for a correction and reduction of his sentence under the Federal Youth Corrections Act, 18 U.S.C. §§ 5005–5026 (YCA). The district court, 559 F.Supp. 688, held that a young adult offender guilty of a felony may receive an indeterminate sentence, as provided for by the YCA, although the maximum sentence for an adult guilty of the same felony would be shorter. We affirm.

I

Lowery, a twenty-three year old male, was found guilty of involuntary manslaughter under 18 U.S.C. § 1112. The district court decided that Lowery would benefit from treatment under the YCA. The YCA defines "youth offenders" covered by its provisions as persons under the age of

---

* Honorable Elbert Parr Tuttle, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

twenty-two at the time of conviction. 18 U.S.C. § 5006(e). An offender between the ages of twenty-two and twenty-six, however, may also be sentenced under the YCA as a "young adult offender" if "the court finds that there are reasonable grounds to believe that the defendant will benefit from the treatment provided under the [YCA]." 18 U.S.C. § 4216. Lowery was therefore committed to the custody of the Attorney General for treatment and supervision under 18 U.S.C. § 5010(b) until discharged by the Parole Commission in accordance with 18 U.S.C. § 5017(c). These two provisions of the YCA mandate an indeterminate period of incarceration, not to exceed four years, and a possible two-year additional period of supervised, conditional release.

Lowery objected to the imposition of this sentence and moved for its correction or reduction pursuant to rule 35 of the Federal Rules of Criminal Procedure. He asserted, based on language from our prior decisions and on an alleged denial of equal protection and due process, that the sentence was illegal because it did not specify that the period of his potential incarceration was limited by the three-year statutory maximum an adult could receive for the same offense under 18 U.S.C. § 1112(b). The district court denied Lowery's motion. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II

We first examine Lowery's argument that we must reverse the district court because of our previous decisions. Lowery relies primarily on *United States v. Amidon,* 627 F.2d 1023 (9th Cir.1980) (*Amidon* ). In *Amidon,* we construed 18 U.S.C. § 3401(g)(1), which limits the power of magistrates to impose YCA sentences for misdemeanors. Under section 3401(g), a part of the Federal Magistrate Act of 1979, Pub.L. No. 96–82, 93 Stat. 645, a magistrate may not sentence a youth offender to a period of custody in excess of one year for a misdemeanor or six months for a petty offense. Finding no reason to subject young misdemeanants tried by a district judge to a potentially longer period of incarceration

than those tried by a magistrate, we held section 3401(g) implicitly limited the YCA sentences that could be imposed by district judges as well as by magistrates. 627 F.2d at 1027. Thus we construed the one year maximum sentence for young misdemeanants established by 18 U.S.C. § 3401(g) as a specific statutory exception to the indeterminate four-year sentence generally imposed in YCA cases.

■ Lowery asserts that *Amidon* controls YCA sentencing for felony offenses as well as for misdemeanors. He cites that portion of *Amidon* where we stated:

> We therefore find it implicit in the Federal Magistrate Act of 1979 that Congress intended that neither a district court judge nor a magistrate may sentence a youth under the Youth Corrections Act to a term of confinement longer than it could impose on an adult.

627 F.2d at 1027. Except as it applies to misdemeanors, this language must be regarded as dicta. The sole issue before us in *Amidon* was whether a specific portion of the Federal Magistrates Act of 1979 implicitly imposed the same misdemeanor sentencing restrictions on judges and magistrates. Neither the facts of *Amidon* nor the statute we were construing required us to determine whether indeterminate YCA sentences should be limited by the maximum sentence that could be imposed on an adult for the same felony offense. Our subsequent decisions addressing the limitation of sentencing on *Amidon* grounds have implicitly limited its holding to YCA sentencing of *misdemeanants.* See *United States v. Glenn,* 667 F.2d 1269, 1274 (9th Cir.1982); *United States v. Luckey,* 655 F.2d 203, 205–06 (9th Cir.1981); *United States v. Lowe,* 654 F.2d 562, 566 (9th Cir. 1981).

Lowery contends that our en banc decision in *United States v. Smith,* 683 F.2d 1236 (9th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 740, 74 L.Ed.2d 962 (1983) (*Smith* ), supports the application of *Amidon* to felony cases. We disagree. In *Smith* we held that the YCA permits imposition of split sentences provided for by the

general probation statute, 18 U.S.C. § 3651. Like *Amidon, Smith* involved a specific statutory exception to the indeterminate sentences generally imposed under the YCA. Lowery's contention that indeterminate sentences under the YCA should be limited by the maximum term an adult could serve for the same felony offense is not supported by any similar specific statutory authority.

Lowery also relies on footnote 20 of our opinion in *Smith*, which illustrates a form for use in the imposition of a split sentence on a youth offender. Lowery points out that the sample form of sentence uses the broad language from *Amidon* that a YCA term of confinement may not exceed that which an adult could receive. For the reasons discussed above, this language must be considered dicta, except as it relates to the imposition of split sentences on misdemeanants.

We find further support for our decision not to expand *Amidon*'s application in the decisions of other circuits. For example, in *United States v. Van Lufkins,* 676 F.2d 1189 (8th Cir.1982), the Eighth Circuit construed section 3401(g) of the Federal Magistrates Act narrowly, refusing to read it as an implied limit on the sentencing powers of district judges. The court reasoned that if Congress had intended to amend the YCA, it would have done so expressly, rather than including a potentially inconsistent provision in the Federal Magistrates Act. 676 F.2d at 1194; *accord United States v. Donelson,* 695 F.2d 583, 585–87 (D.C.Cir.1982). These cases, although rejecting the conclusion we reached in *Amidon,* properly indicate that the amendment of existing legislation should be implied from ambiguous language only to the extent necessary to make the statutory scheme work. *See generally Gordon v. New York Stock Exchange,* 422 U.S. 659, 685, 95 S.Ct. 2598, 2612, 45 L.Ed.2d 463 (1975). Because section 3401(g) does not create any incongruity with respect to YCA sentencing for felonies, we decline to extend our holding in *Amidon* to include felonies.

Our recent decision in *United States v. Bell,* 707 F.2d 1080 (9th Cir.1983) (*Bell* ), does not conflict with the conclusion that the district court acted properly in sentencing Lowery to the full indeterminate term provided for by 18 U.S.C. §§ 5010(b) and 5017(c). In *Bell* we vacated a two-year fixed sentence imposed on a youth offender. After discussing the sentencing options open to the district court under the YCA, we concluded that the YCA does not permit the imposition of maximum sentences of less than the full indeterminate term specified by the YCA or the YCA as limited by *Amidon.* Our reasoning in *Bell* applies equally here: "We do not question the soundness of the sentence and course of treatment imposed by the district court in this case. The sentence, however, is simply not among the options available under the YCA." 707 F.2d at 1082. The Second, Fifth, Eighth, and Tenth Circuits have also held a court may not sentence a YCA defendant to a definite term shorter than the indeterminate terms provided for by the YCA. *E.g., Taylor v. Carlson,* 671 F.2d 137, 138 (5th Cir.1982); *Watts v. Hadden,* 651 F.2d 1354, 1372 (10th Cir.1981); *Burns v. United States,* 552 F.2d 828, 830 (8th Cir.1977); *United States v. Jackson,* 550 F.2d 830, 832 (2d Cir.1977). Even if the district court had specifically concluded that the three-year maximum felony sentence that Lowery seeks would provide optimum rehabilitation for him, the imposition of such a sentence would not have been legal under the YCA. A three-year maximum felony sentence for a youth offender "is simply not among the options available under the YCA." *Bell,* 707 F.2d at 1082.

### III

We turn now to Lowery's argument that imposing a potentially longer YCA sentence on him than could be imposed on an adult guilty of the same felony offense denies him equal protection and due process. The purpose of incarceration under the YCA differs from the penal incarceration imposed on adults. In *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), after reviewing the

history and policy of the YCA, the Supreme Court concluded that "[t]he objective of these [sentencing] options represented a departure from traditional sentencing, and focused primarily on correction and rehabilitation." *Id.* at 433, 94 S.Ct. at 3048. Courts have long recognized that this emphasis on rehabilitation constitutes a *quid pro quo* for the potential of longer incarceration under the YCA. *E.g., Young Hee Choy v. United States,* 322 F.2d 64, 65–66 (9th Cir.1963); *Carter v. United States,* 306 F.2d 283, 285 (D.C.Cir.1962); *Cunningham v. United States,* 256 F.2d 467, 472 (5th Cir.1958). Indeed, in one of our recent decisions we concluded that constitutional challenges to YCA sentences "have been frequently raised and uniformly rejected." *United States v. Ballesteros,* 691 F.2d 869, 870 (9th Cir.1982).

Lowery contends that our opinion in *Amidon* rejected the conclusion that the rehabilitative purposes of the YCA justified its potentially longer sentences. Although we criticized the Bureau of Prisons' failure to implement fully the aims of the YCA in *Amidon,* 627 F.2d at 1026, we made that criticism in interpretation of the congressional intention behind section 3401(g) of the Federal Magistrates Act. We did not intend our criticism as a judicial invalidation of the entire legislative scheme of the YCA. Neither did we intend it to create a basis for challenging the legality of incarceration under the YCA where the circumstances or conditions of incarceration fail to implement the YCA's policies.

█ Our subsequent decisions, and those of other circuits that have addressed the issue, indicate that youth offenders sentenced under the YCA have an adequate alternative remedy for administrative noncompliance with the rehabilitative aims of the YCA. For example, in *Smith,* we upheld the demands of youth offenders sentenced under the YCA to be segregated from adults during any period of YCA incarceration. 683 F.2d at 1240–42. Similarly, in *Watts v. Hadden* the Tenth Circuit required the Bureau of Prisons to accord YCA prisoners the special treatment intended by Congress when it enacted the YCA. *See* 651 F.2d at 1357–58. Particularly relevant to our disposition of the present case is the court's refusal in *Watts* to order the release of the youth offenders incarcerated in violation of the YCA; instead the court ordered the Bureau of Prisons to implement the YCA programs as Congress intended. *Id.* at 1366–67. In view of this enforceable right to the special treatment mandated by the YCA, Lowery's contention that there is no justification for the potentially longer YCA sentences is not well founded.

## IV

We conclude by observing that the limitation of YCA sentences that Lowery seeks would undermine the policies of the YCA. In *Dorszynski v. United States,* the Supreme Court found that "[a]n important element of the [YCA] program was that once a person was committed for treatment under the Act, the execution of sentence was to fit the person, not the crime for which he was convicted." 418 U.S. at 434, 94 S.Ct. at 3048. Arbitrarily limiting the duration of a YCA sentence to the maximum period of penal incarceration that could be imposed on an adult convicted of the same felony would unduly interfere with this policy of the YCA. Some may question the use of indeterminate sentencing for "treatment" that is the predicate of the YCA. *See* Partridge, Chaset & Eldridge, *The Sentencing Options of Federal District Judges,* 84 F.R.D. 175, 200 (1980). Any changes in the YCA to reflect such shifts in correctional philosophy must, however, await action by Congress. *See Bell,* 707 F.2d at 1082.

AFFIRMED.

PREGERSON, Circuit Judge, dissenting.

I dissent.

As the majority recognizes, our circuit has not directly addressed the issue whether indeterminate Youth Corrections Act (YCA) sentences for felony offenses should be limited to the maximum sentences that adults could receive for the same offense. I be-

lieve, however, that the rationale for our holding in *United States v. Amidon,* 627 F.2d 1023 (9th Cir.1980), reflected in *United States v. Smith,* 683 F.2d 1236 (9th Cir.1982) (en banc), and *United States v. Bell,* 707 F.2d 1080 (9th Cir.1983) (per curiam), requires us to impose such a limitation.

The district court in *Amidon* sentenced the appellant, convicted of a misdemeanor, to a six-year indeterminate term under the YCA. We reversed, holding that "a youth may not be sentenced to a term of confinement under the YCA that exceeds the statutory maximum that an adult could receive." 627 F.2d at 1026. Our holding was based on the belief that in enacting the Federal Magistrates Act of 1979 Congress intended "that neither a district court judge nor a magistrate may sentence a youth under the Youth Corrections Act to a term of confinement longer than it could impose on an adult." 627 F.2d at 1027. We concluded that it was "clear that, [by enacting the Magistrates Act,] Congress has rejected the earlier conclusions of this court and others that the rehabilitative purposes underlying the YCA justify longer confinement...." 627 F.2d at 1026 (citations omitted).

Although we were ruling on a misdemeanor sentence in *Amidon,* our conclusions logically must apply to felony sentences as well. We found that because YCA and adult prison conditions were nearly identical, "it is inequitable and unjust to permit imposition of the six year sentence under the YCA for offenses for which an adult, or a juvenile, could be sentenced to just six months." 627 F.2d at 1026 (footnote omitted). For the same reason, it would be inequitable and unjust to permit imposition of the six-year sentence under the YCA for an offense for which, as in this case, an adult could be sentenced to a maximum of three years.

Two panels of this circuit (one en banc) have treated *Amidon* as applying to felony as well as misdemeanor sentences. In *United States v. Smith,* 683 F.2d 1236 (9th Cir. 1982) (en banc) (involving both felony and misdemeanor sentences under the YCA), we read *Amidon* as holding "that district courts may not sentence a youth offender under the YCA to a term of confinement longer than the maximum that could be imposed on an adult for the same offense." 683 F.2d at 1239 n. 10; *see also id.* at 1242 n. 20. And in *United States v. Bell,* 707 F.2d 1080 (9th Cir.1983) (per curiam) (involving a felony sentence under the YCA), we reaffirmed this interpretation, summarizing *Amidon* as holding "that the indeterminate term of confinement permitted under § 5010(b) could not exceed the maximum term which could be imposed upon an adult." 707 F.2d at 1081.

In *Bell,* the district court sentenced the defendant to a two-year YCA sentence, even though the maximum allowable sentence for an adult was five years for the same felony offense. The issue on appeal was whether district courts could impose "maximum sentences for periods *less* than those specified in the YCA or *allowable for adults charged with the same offense.*" 707 F.2d at 1081 (emphasis added); *see also id.* at n. 4. We held: "While the district court has some discretion to choose between the indeterminate sentencing options set forth in §§ 5010(b) and 5010(c), the length of the sentence to be served by a youth offender, *subject to any statutory maximum term of less than six years for a particular offense,* may not be set by the district court but instead is in the discretion of the Parole Commission." 707 F.2d at 1082 (emphasis added).

Both *Smith* and *Bell* reinforce my belief that our reasoning in *Amidon* was intended and requires us to limit indeterminate YCA sentences for felony offenses to the maximum sentences that adults could receive for the same offense.